IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:14-cr-00751-BHH |
| ) | |
| v. ) | |
| ) | |
| SHARON DONETTA FENNELL ) | |
| ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
SHARON DONETTA FENNELL

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Sharon Donetta Fennell ("Fennell," "Defendant"), based upon the following:

1. On November 5, 2014, an Indictment was filed charging Fennell with Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Fennell's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

(1) Personal Money Judgment/Funds:

A sum of money equal to all proceeds the Defendant, Sharon Donetta Fennell, obtained directly or indirectly as the result of the offenses charged in Count 1 of this Indictment, or traceable to such property, that is, a minimum of $41,000 in United States currency;
Asset ID: 15-USP-001437

(2) Approximately $25,594.61 maintained in a 401(k) account managed by Webster Rogers LLP, and
Asset ID: 15-USP-001438

   (3)    Approximately $14,872.14 maintained in a profit sharing account managed by Stifel, Nicolaus & Company Inc.
Asset ID: 15-USP-001439

3. On March 4, 2015, Fennell pled guilty to the Interstate Transportation of Stolen Property charge.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Fennell has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Sharon Donetta Fennell, in and to such property:

<u>Funds:</u>

(1) Approximately $25,594.61 maintained in a 401(k) account managed by Webster Rogers LLP, and
Asset ID: 15-USP-001438

(2) Approximately $14,872.14 maintained in a profit sharing account managed by Stifel, Nicolaus & Company Inc.
Asset ID: 15-USP-001439

The property is subject to the rights of third parties in such property under 21

U.S.C. § 853(n)

2.     FORFEITURE IS ORDERED against Sharon Donetta Fennell and in favor of the United States in the amount of $41,000.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the money judgment.

3.     The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.     Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.     The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.     The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.	Upon entry of this Order, the United States Postal Inspection Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8.	Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9.	Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10.	After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.	The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12.     The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                              _s/ Bruce Howe Hendricks_
                                                              BRUCE HOWE HENDRICKS
                                                              UNITED STATES DISTRICT JUDGE

April 20, 2015
Florence, South Carolina